# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF NORTH CAROLINA (CHARLOTTE DIVISION)

| | | |
|---|---|---|
| KEVIN TRAN | ) | |
| | ) | |
|     Plaintiff, | ) | Case No. 3:25 CV 241 |
| v. | ) | |
| | ) | |
| BANK OF AMERICA, NAT'L ASSOC., | ) | |
| EQUIFAX INFORMATION SERVICES LLC, | ) | |
| EXPERIAN INFORMATION SOLUTIONS INC, | ) | |
| AND TRANS UNION LLC | ) | |
| | ) | |
|     Defendants. | ) | |

## COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiff, Kevin Tran, by and through undersigned counsel, and for his complaint against defendants Bank of America, National Association ("BOA"), Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian") and Trans Union, LLC ("Transunion") and in support thereof, he alleges the following:

## PRELIMINARY STATEMENT

1.      Defendants violated the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") by reporting inaccurate, incomplete and misleading information. Specifically, BOA reported to Equifax, Experian and Transunion (collectively, the "CRAs") that Mr. Tran defaulted on several credit cards that were ultimately charged off. However, the foregoing reporting is only part of the story. The rest of story reads like this: (a) BOA sued Mr. Tran in district court, (b) BOA and Mr. Tran agreed to a payment plan, and (c) Mr. Tran has faithfully made timely payments on the credit cards pursuant to the terms of each payment plan.

2.       BOA's reporting is inaccurate, incomplete and misleading because BOA is not reporting that the status of the account has changed. Specifically, the account is no longer uncollectible, a new payment plan has been created, and Mr. Tran is in compliance with the new payment plan. Additionally, BOA is not reporting that the account is in a disputed status.

3.     Mr. Tran has disputed the BOA account—both indirectly via the CRAs and directly with BOA—on several occasions. In response to Mr. Tran's disputes, BOA failed to perform a reasonable investigation and failed to correct the inaccuracies. Although BOA's investigation did not meet the requirements of a reasonable investigation, BOA informed the CRAs that it had investigated the dispute and verified the accuracy of the disputed information.

4.     For their part, the CRAs merely transcribed Mr. Tran's dispute into an electronic dispute form and forwarded that form for BOA to investigate. And in complete abdication of their duties under the FCRA, the CRAs solely relied on BOA's investigation of Mr. Tran's dispute and did no investigation of their own. The CRAs' accepted the investigation results of BOA and continued publishing credit reports that contained, among other inaccuracies, the inaccurate BOA accounts.

## JURISDICTION & PARTIES

5.     This Court has jurisdiction and is a proper venue because Defendant(s) have been alleged to violate a federal law, the FCRA, and this is a federal district court located in Defendant(s) principal place of business.

6.     Plaintiff, Kevin Tran, is a natural person and a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681a, (b) and (c).

7.     BOA is an American multinational bank headquartered in Charlotte, North Carolina. BOA reports information on its customers to the CRAs and is a "furnisher of information" within the meaning of the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2 et seq.

8.     Equifax is a Georgia company that does business in the State of North Carolina through its registered agent. Equifax collects and sells information about consumers and is a "consumer reporting agency" as defined by FCRA, 15 U.S.C. § 1681a(f).

9.      Experian is a California company that does business in the State of North Carolina through its registered agent. Experian collects and sells information about consumers and is a "consumer reporting agency" as defined by FCRA, 15 U.S.C. § 1681a(f).

10.      Transunion is an Illinois company that does business in the State of North Carolina through its registered agent. Transunion collects and sells information about consumers and is a "consumer reporting agency" as defined by FCRA, 15 U.S.C. § 1681a(f).

## FACTUAL ALLEGATIONS

11.      Mr. Tran had three BOA credit cards that went into default. Thereafter, BOA charged off each credit card and eventually sued Mr. Tran in state court for breach of contract. Mr. Tran and BOA settled the lawsuits and entered into consent judgments for each credit card. Under the terms of the consent judgments, Mr. Tran agreed to make scheduled payments each month until the judgment amounts were paid in full.

12.      After entering into the payment plan under the consent agreements, Plaintiff began making payments on each credit card account and has continued to make payments for over 4 years. BOA has been reporting the credit card accounts as charge-offs to the CRAs ever since the accounts were charged off over 4 years ago. Notwithstanding the payment plan and years of regular payments, BOA has never updated status of the account with the CRAs to reflect that the accounts are under a payment plan and receiving payments.

13.      When BOA reports Mr. Tran's accounts to the CRAs, BOA reports the current condition of the accounts and the payment history. With respect to the current condition of the account, BOA is reporting to the CRAs that there have been no changes and that the accounts are still in a charge-off status. A charge-off is considered an uncollectible debt by the CRAs and third parties that receive consumer reports from the CRAs. BOA's reporting is inaccurate

because the current condition of the account does not reflect that the debts are collectible and receiving timely payments pursuant to a new payment plan.

14.     Regarding Mr. Tran's payment history, BOA is reporting to the CRAs that no payments have been made on the account since January 2021. BOA's reporting is inaccurate because Mr. Tran has been making payments on the BOA accounts from January 2021 to present. As a result, third parties that receive consumer reports from the CRAs are misled into believing that there have been no changes in Mr. Tran's payment habits on the BOA accounts since the accounts were in default.

15.     Mr. Tran disputed the accounts in writing directly with BOA and indirectly with BOA through the CRAs. BOA received Mr. Tran's direct disputes and his disputes to the CRAs by way of an ACDV that the CRAs forwarded to BOA. When BOA received Mr. Tran's direct disputes, it did nothing besides possibly note that Mr. Tran disputed the account(s). As for Mr. Tran's disputes that were forwarded by the CRAs, BOA processed those disputes by checking the information in the CRAs' files to make sure that the information matched up with the information that BOA was furnishing to the CRAs.

16.     BOA did not investigate any of Mr. Tran's disputes with the goal of verifying the *accuracy* of the disputed information. Nor did BOA seek to verify the *completeness* of the disputed information. Instead, BOA merely sought to assure the information that it furnished to the CRAs was being reported *consistently* by the CRAs regardless of the accuracy or completeness of that information. BOA did not even report the accounts as disputed.

17.     The CRAs did not investigate Mr. Tran's disputes. Instead of doing an investigation, the CRAs forwarded Mr. Tran's disputes to BOA and waited from BOA to respond to the disputes. BOA conveyed its dispute results to the CRAs and the CRAs accepted BOA's dispute results without considering the merits of Mr. Tran's disputes. Despite receiving

numerous disputes from Mr. Tran, the CRAs have not clearly noted that BOA accounts are disputed by Mr. Tran and have not provided a description of his dispute(s).

18.     Seven years ago, the Sixth Circuit Court of Appeals admonished furnishers that a consumer report is inaccurate if it fails to report that an account is under a payment plan. *Pittman v. Experian Information Solutions, Inc.*, 901 F.3d 619, 639 (6th Cir. 2018). Similarly, eighteen months ago, the Seventh Circuit Court of Appeals reprimanded CRAs that a consumer report is inaccurate if the consumer report does not reflect an account is under a payment plan. *Chaitoff v. Experian Information Solutions, Inc.*, 79 F.4th 800, 814 (7th Cir. 2023). Both *Chaitoff* and *Pittman* provided guidance to both CRAs and furnishers because the accuracy standard of the FCRA is the same for both furnishers and CRAs.

19.     Nearly twenty years ago, the Fourth Circuit Court of Appeals put furnishers on notice that they must note accounts as in a disputed status when responding to a consumer's dispute that is forwarded by a CRA. *Saunders v. Branch Banking & Tr. Co. of Va.*, 526 F.3d 142, 150 (4th Cir. 2008). At least two other circuit courts have reiterated a furnisher's obligation to note a disputed account as disputed. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163-64 (9th Cir. 2009); *Seamans v. Temple University*, 744 F.3d 853, 868 (3rd Cir. 2014)

20.     Nearly twenty years ago, the Supreme Court warned all FCRA defendants that if they adopt an interpretation of the FCRA that is in contradiction to guidance from the court of appeals, then they may have been found to have willfully violated the FCRA. *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 70 (2007).

21.     Despite the guidance from *Pittman* and *Chaitoff*, the Defendants have adopted an interpretation of the FCRA that interprets the FCRA as not requiring them to report the existence of a payment plan. And despite the guidance from *Saunders*, *Gorman* and *Seamans*,

BOA has adopted an interpretation of the FCRA that interprets the FCRA as not requiring it to report the existence of a dispute.

22. In addition to the BOA accounts, the CRAs reported numerous other inaccurate accounts, including accounts that were obsolete, contained contradictory information, inaccurate and inflated balances, omitted positive payment history, missing the date of first delinquency, incomplete account numbers, mitigating facts and circumstances concerning a non-payment, and the proper dispute status. Even after receiving Mr. Tran's disputes of the accounts, the CRAs continued reporting the inaccuracies. The CRAs' failure to correct the inaccuracies was due to their failure to perform a reasonable investigation of the disputes. And those inaccuracies were included in the consumer reports that the CRAs sold to third parties that requested information on Mr. Tran.

23. The CRAs have sold several consumer reports regarding Mr. Tran's credit profile to third parties and those consumer reports contained several inaccuracies that mislead the third parties to view Mr. Tran has higher credit risk than he actually was. Consequently, Mr. Tran does not qualify for certain credit that he desires and needs. And the inability to correct his credit report and/or obtain credit has caused Mr. Tran to suffer emotional distress.

## COUNT ONE: VIOLATION(S) 15 U.S.C. § 1681e

24. Plaintiff incorporates paragraphs 1 through 23.

25. The CRAs violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files that they maintained and published to third parties.

26. The CRAs have not implemented reasonable procedures because they prioritize making substantial profits over complying with their duties under the FCRA.

27.     The CRAs have performed a cost-benefit analysis of complying with the FCRA and determined implementing policies and procedures that comply with the FCRA is more expensive than litigating lawsuits for their failures to comply with the FCRA.

28.     The CRAs have purposely adopted incorrect interpretations of the FCRA when developing their policies and procedures for complying with the FCRA because they decided that the costs of complying with the FCRA will be too costly to their profit ambitions.

29.     The CRAs have ignored the opinion and holdings of the Circuit Courts of Appeals because the CRAs would lose profits if they adhered to those opinions and holdings.

30.     The CRAs are extremely profitable and some of the most profitable companies in the United States, if not the world. If the CRAs were not excessively greedy, they could easily budget money and allocate sufficient resources for their employees to comply with their statutory duties under the FCRA.

31.     The CRAs' actions were intentional or reckless, both which amount to a willful violation, rendering the CRAs liable pursuant to 15 U.S.C. § 1681n. Alternatively, the CRAs were negligent, which entitled Plaintiff to recover under 15 U.S.C. § 1681o.

32.     As a result of CRAs' violations, Plaintiff suffered actual damages, including but not limited to: pecuniary expenses and costs, damage to credit profile and financial reputation, loss credit opportunities, emotional distress and feelings of physical sickness.

33.     Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendant pursuant to 15 U.S.C. §§ 1681n and 1681o.

### COUNT TWO: VIOLATION(S) 15 U.S.C. § 1681i

34.     Plaintiff incorporates paragraphs 1 through 33.

35.     The CRAs violated 15 U.S.C. § 1681i by failing to conduct a reasonable investigation of Plaintiff's disputes.

36.     The CRAs violated 15 U.S.C. § 1681i by failing to provide proper and sufficient notice of Plaintiff's disputes to the furnishers of information disputed by the Plaintiff.

37.     The CRAs violated 15 U.S.C. § 1681i by failing to review and consider all relevant information that they received from Plaintiff's disputes.

38.     The CRAs violated 15 U.S.C. § 1681i by failing to delete or modify disputed information that was found to be inaccurate, incomplete or unverifiable.

39.      The CRAs violated 15 U.S.C. § 1681i by failing to clearly note disputed accounts as disputed and by Plaintiff and providing either Plaintiff's statement or a clear and accurate codification or summary thereof.

40.     The CRAs' failure to comply with 15 U.S.C. § 1681i is due to their decision to prioritize making substantial profits over complying with their duties under the FCRA.

41.     Consequently, the CRAs have implemented policies and procedures that are not adequate to comply with their duties under the FCRA.

42.     The CRAs have performed a cost-benefit analysis of complying with the FCRA and determined implementing policies and procedures that comply with the FCRA is more expensive than litigating lawsuits for their failures to comply with the FCRA.

43.     The CRAs have purposely adopted incorrect interpretations of the FCRA when developing their policies and procedures for complying with the FCRA because they decided that the costs of complying with the FCRA will be too costly to their profit ambitions.

44.     The CRAs have ignored the opinion and holdings of the Circuit Courts of Appeals because the CRAs would lose profits if they adhered to those opinions and holdings.

45.     The CRAs are extremely profitable and are some of the most profitable companies in the United States, if not the entire world. If the CRAs were not overly obsessed

with making substantial profits, they could easily budget money and allocate sufficient resources that are necessary and adequate to comply with their statutory duties under the FCRA.

46.     The CRAs' actions were intentional or reckless, both which amount to a willful violation, rendering the CRAs liable pursuant to 15 U.S.C. § 1681n. Alternatively, the CRAs were negligent, which entitled Plaintiff to recover under 15 U.S.C. § 1681o.

47.     As a result of CRAs' violations, Plaintiff suffered actual damages, including but not limited to: pecuniary expenses and costs, damage to credit profile and financial reputation, loss credit opportunities, emotional distress and feelings of physical sickness.

48.     Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendant pursuant to 15 U.S.C. §§ 1681n and 1681o.

**COUNT THREE: VIOLATION(S) 15 U.S.C. § 1681s-2(b)**

49.     Plaintiff incorporates paragraphs 1 through 33.

50.     BOA violated 15 U.S.C. § 1681s-2(b)(1) by failing to conduct a reasonable investigation of Plaintiff's disputes.

51.     BOA violated 15 U.S.C. § 1681s-2(b)(1) by failing to review all relevant information provided by the CRAs.

52.     BOA violated 15 U.S.C. § 1681s-2(b)(1) by failing to report the results of the investigation of Plaintiff's disputes to the CRAs.

53.     BOA violated 15 U.S.C. § 1681s-2(b)(1) by failing to report to the CRAs that its' investigation found the disputed information was incomplete or inaccurate.

54.      BOA violated 15 U.S.C. § 1681s-2(b)(1) by failing to modify, delete or block information that was found to be inaccurate, incomplete or unverifiable.

55.     BOA's failure to comply with 15 U.S.C. § 1681s-2(b) is due to its decision to prioritize making substantial profits over complying with its duties under the FCRA.

56.     Consequently, BOA has implemented policies and procedures that are not adequate to comply with their duties under the FCRA.

57.     BOA has performed a cost-benefit analysis of complying with the FCRA and determined implementing policies and procedures that comply with the FCRA is more expensive than litigating lawsuits for their failures to comply with the FCRA.

58.     BOA has purposely adopted incorrect interpretations of the FCRA when developing its' policies and procedures for complying with the FCRA because BOA decided that the costs of complying with the FCRA will be too costly for its' profit ambitions.

59.     BOA has ignored the opinion and holdings of the Circuit Courts of Appeals because BOA would lose profits if they adhered to those opinions and holdings.

60.     BOA is an enormous financial institution with enormous resources and can easily afford and implement policies and procedures that comply with its' statutory duties and obligations under the FCRA.

61.     There would barely be a blip in BOA's profit margins if it were to budget money and allocate sufficient resources to comply with its' statutory duties under the FCRA.

62.     BOA's actions were intentional or reckless, both which amount to a willful violation, rendering BOA liable pursuant to 15 U.S.C. § 1681n. Alternatively, BOA was negligent, which entitled Plaintiff to recover under 15 U.S.C. § 1681o.

63.     As a result of CRAs' violations, Plaintiff suffered actual damages, including but not limited to: pecuniary expenses and costs, damage to credit profile and financial reputation, loss credit opportunities, emotional distress and feelings of physical sickness.

64.     Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from BOA pursuant to 15 U.S.C. §§ 1681n and 1681o.

## COUNT III – DEFAMATION

65.     Plaintiff incorporates by reference paragraphs 49 through 64.

65.     BOA intentionally reported inaccurate information to CRAs about the Plaintiff's payment profile.

66.     BOA knew the CRAs would publish consumer reports containing inaccurate payment on Plaintiff to third parties that would evaluate Plaintiff's credit profile.

67.     BOA's reporting constituted defamatory statements as the reportings were injurious to Plaintiff's credit and financial profile.

68.     BOA knew that its false reporting would cause Plaintiff to be denied credit or hamper and obstruct Plaintiff's ability to obtain credit.

69.     BOA's false and defamatory reporting caused Plaintiff to suffer damages, including but not limited to: pecuniary costs, damage to his financial reputation, loss of credit opportunity and emotional and mental distress.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays:

A.      That the Court award actual damages;

B.      That the Court award maximum statutory damages;

C.      That the Court award maximum punitive damages;

D.      That the Court award costs and any reasonable attorneys' fees; and

E.      That the Court award prejudgment and post-judgment interest.

DATED this 27th day of March 2025.

Respectfully submitted:

/s/ John M. Harris

John Harris
J. Harris Legal PLLC
NC Bar No. 57002
500 W 5ᵗʰ St, Ste 800, PMB 1041
Winston-Salem, NC 27191
(336) 995-7433
litigation@jharrislegal.com
ATTORNEY FOR PLAINTIFF